(75 South. 98)

No. 22414.

STATE v. CLARK.

(April 16, 1917.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞1043(3)—APPEAL—BILL OF EXCEPTIONS — ENLARGING GROUND OF OVERRULING OBJECTION.

When, in the subsequent drawing up of a bill of exception in a criminal case, the grounds of objection, as taken down by the clerk to a question propounded to a witness by the judge, are somewhat enlarged, and the grounds upon which the objection was overruled are similarly enlarged, to meet the enlarged grounds of objection, and counsel, making the objection, accept the bill as thus drawn and signed without complaint at the time, the proposition that they can stand in this court upon their objection as enlarged, and hold the trial judge to the grounds assigned for the overruling of the same, as taken down by the clerk, is untenable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2655.]

2. WITNESSES ☞236(1) — EXAMINATION — QUESTIONS.

The question propounded by a prosecuting officer to a state witness, "Ed., how many summonses have you had in this case?" was permissible, and the objection that the purpose was to show that the witness had been summoned by both sides and thereby establish his character for fairness was properly overruled, more particularly as no purpose was disclosed or asked to be disclosed.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 817, 819, 824, 826.]

3. WITNESSES ☞277(2) — CROSS-EXAMINATION—SCOPE.

Where a defendant, charged with murder, who has taken the stand, has been asked, on his examination in chief, what the deceased was doing when he shot and killed him, to which he answered that the deceased was working his right hand in his hip pocket, and in answer to the question, "You shot him?" has answered, "I shot him," the question, "Where was your hand when the deceased was working his hand up and down?" was legitimate cross-examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 980.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

George Clark was convicted of manslaughter, and he appeals. Affirmed.

Edwin H. Carter, of Coushatta, and Foster, Looney & Wilkinson, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and J. F. Stephens, Dist. Atty., of Coushatta (S. M. Cagle, of Coushatta, and Vernon A. Coco, of Marksville, of counsel), for the State.

MONROE, C. J. Defendant, having been indicted for murder and convicted of manslaughter, presents his appeal to this court on three bills of exception, to wit:

[1] Bill 1, which recites that a witness, called by the state, having been examined and re-examined, was leaving the stand when the trial judge recalled him an'd asked the question, "Were you examined as thoroughly before the coroner's jury as you have been by the lawyers now?" to which the witness answered, "No, sir;" and to which counsel for defendant objected—

"because the question asked had for its object the clearing up of the statement of the prosecuting witness, in that he had failed to state certain facts before the coroner's jury, testified to by him on the trial hereof, and that the trial judge is without right, in law, to obtain facts for the prosecution, or to put the witness in a better light before the jury than his statement to the district attorney placed him.

"By the Court: This objection overruled, for the reason that it appeared that this witness had testified more fully in regard to the difficulty than he had by the coroner's report, and the court's only object in asking the question was to get at real facts and not to aid the prosecution, as stated by counsel. The court feels that its authority is just as grave as that of the jury and desired only to put the true situation as partly developed by counsel for defendant.

"All of which [the bill goes on to recite] appears by the entry made by the minute clerk at the time of said objection and ruling, a copy of which is hereto annexed and made part hereof."

And then we find a further recital enlarging the grounds of objection on the one hand and the reasons for overruling the same on the other, evidently, post facto, and whilst defendant's counsel base their argument in support of their objection mainly on their enlargement, they insist that, as to the reasons assigned by the judge for his ruling, this court must be governed by the entries as ma'de by the minute clerk at the time.

It will be observed that, as taken down by the clerk, the objection contains no intimation that the witness had testified to anything of importance, either before the coroner or the court; hence nothing to show that the prosecution was aided or the defense prejudiced by the question asked by the judge, and that the judge states that his purpose was merely to get real facts before the jury, and not to aid the prosecution.

The position that the counsel now assume, in their argument, seems to be that at some time after the trial they presented to the judge for his signature a bill containing an objection other than that which was made when the bill was reserved, and that they accepted the bill, as signed by him, with reasons for his ruling other than those which were given when the ruling was made. A position which we think untenable, for, if the counsel incorporated in their bill an objection, or ground of objection, to which the attention of the judge had not theretofore been called, he was bound either to refuse to sign it or give reasons to meet it, and as he chose the latter course, and the counsel made no complaint at the time, they have no standing to make it now.

They say, in the enlarged objection, that the witness—

"having failed to account to the jury for his failure to testify to certain damaging facts to the accused before the coroner's jury, which he had testified to on the trial of the cause, the questions propounded by the judge suggested to said witness an explanation for his change of testimony or shortcomings, and by such questions the trial judge impressed the jury with the idea that the trial judge believed that the inconsistencies in the statements of said witness could be accounted for by the reason that he had not been examined fully by the coroner's jury, whereas, on the trial of said crime, his examination had been of considerable length."

The enlarged reasons of the judge rea'd:

"It appeared that the witness testified to some immaterial fact at the trial that the inquest failed to state, the coroner having taken down the testimony of the several witnesses after hearing their statements, although, it is true, witness signed the statement, and the defense made capital out of the variance, and tho question was asked by the court for information and in the exercise of a legal right [citing authorities], and the defendant could not possibly have suffered injury; if so, it was legal."

The legal fraternity perhaps know that the examination of a witness before a coroner's jury is ordinarily superficial as compared with that to which he is subjected on a trial for murder, but all laymen are perhaps not so well informed. If, in a particular case,

the development of that information may prevent the jury from being misled, and the judge can develop it without indicating bias for or against the accused, we are of opinion that he may do so, in the interest of the truth, since it is no part of his duty to permit either side to obtain an unfair or illegal advantage if he can consistently prevent it. It may at times, be difficult to 'determine whether a particular question can be asked a witness without showing bias, which must be avoided at all events, for whatever else under our practice a trial judge in a criminal case may do, or leave undone, it is fundamental that he must not convey to the jury his opinion as to the guilt or innocence of the accused. As appears from the foregoing excerpts, defendant's counsel say that the state's witness had testified on the trial to certain facts *damaging to the accused*, to which he had not testified before the coroner, and that the question propounded by the judge, suggested to him an explanation of his change of testimony or shortcomings, and impressed the jury with the idea that the judge believed that the inconsistency could be accounted for. On the other hand, the judge says that:

> "The witness testified to some *immaterial fact* at the trial which did not appear in the coroner's report; that the defense made capital out of the variance, and the question was asked by the court for information and in the exercise of a legal right, * * * and the defendant could not possibly have suffered injury."

If we should accept the counsel's estimate of the facts, testified to on the trial, which did not appear in the report of the examination before the coroner, the discrepancy might seriously have affected the credibility of the witness, thereby operating to the advantage of the defendant, and the interposition of the judge with a question which suggested an explanation of the discrepancy might have conveyed to the jury the impression that, in the opinion of the judge, the credibility of the witness was not affected and the "damaging facts" testified to by him should be given full effect. But if, as the judge states (and our rule, where there is a conflict in the statements, is to accept that of the judge), the testimony given on the trial, which did not appear in the coroner's report, related to "some immaterial fact," the discrepancy was unimportant, for whether the jury believed the testimony or not their belief would not have affected their verdict, and hence it does not appear that defendant could have suffered any prejudice by reason of the judge's question, and we therefore repeat what was said in the case of State v. Gauthreaux, 134 La. 695, 64 South. 680, to wit:

> "Upon the whole, we are of opinion that the question objected to would better have been left unasked; but we are not persuaded that we should therefore set aside the verdict, since it does not appear to us that the error of the judge was sufficiently serious or developed any facts likely to have influenced the jury to the prejudice of the defendant."

[2] Bill 2 was reserved to the overruling of defendant's objection to the following question propounded by the 'district attorney to a witness whom he had called to the stand, to wit: "Ed., how many summonses have you had in this case?" to which it was objected, that the purpose was to show that the witness had been summoned by defendant as well as by the state, and thereby establish his character for fairness. The judge states that he did not know the purpose of the question, nor do we, and failed to see any injury to 'defendant, as we do, and the bill fails to suggest any such injury, which we regard as important, unless injury is otherwise made apparent.

[3] Bill 3 was reserved to the overruling of defendant's objection to the question propounded to him on cross-examination, "Where was your hand when Somerset [the decedent] was working his hand up and down?"

It appears that defendant had been asked, in his examination in chief, "What was the deceased 'doing at the time he [defendant] shot and killed him?" and that he had answered that the deceased was working his right hand in his hip pocket, and that in answer to the question, "You shot him?" he had replied, "I shot him." The question objected to was relevant and competent cross-examination, and the objection that it was not was properly overruled.

Judgment affirmed.

SOMMERVILLE, J., takes no part.